DANIEL GALLATIN, for the use of DANIEL GARBER, *against* LUDWICK CORNMAN and JOHN CORNMAN.

#### IN ERROR.

Where the defendant, under the act of the 20th of March, 1810, regulating arbitrations, appeals from the award of arbitrators, and a general verdict passes for him, he is entitled to the costs which follow a final judgment: such case is not within the provisions of that act, as to costs, and they are given by the law as it existed before the passage of that act.

Where a transcript of the judgment of a justice of the peace is filed in the office of the Prothonotary of the court of Common Pleas, and the judgment is opened, and the defendant let into a defence in that court, and a verdict is rendered for the defendant, the one hundred dollar act, regulating the payment of costs on appeal from the judgment of a justice, does not apply.

WRIT of error to the court of common pleas of Perry county.

This case, the facts of which are fully stated by judge *Smith,* who delivered the opinion of the court, was argued by

*Creigh,* for the plaintiff in error, who cited *Dearth, et als* v. *Laughlin,* 16 *Serg. & Rawle,* 296. *Landis* v. *Sheaffer,* 4 *Serg. & Rawle,* 196. *Flick et al* v. *Boucher,* 16 *Serg. & Rawle,* 373. *Purdon,* 20. and *Lentz* v. *Strok,* 6 *Serg. & Rawle,* 40. And by

*Alexander,* contra, who referred to *Flick, et al* v. *Boucher,* 16 *Serg. & Rawle,* 373.

The opinion of the court was delivered by

SMITH, J.—A transcript of the judgment rendered by justice *White,* in the above stated action was filed in the court of common pleas of Perry county, and on a *fire facias* issued thereon, a levy was made on the real estate of *John Cornman,* one of the defendants. At the instance of *John Cornman,* this *fi. fa.* was afterwards quashed, the judgment opened, and upon the issue on the plea of payment, the sum due was to be ascertained, the lien of the judgment to remain in the mean time, and the costs to abide the final event of the suit. The cause was then arbitrated, and a report made for the plaintiff for forty-four dollars twenty-three cents, with

(Daniel Gallatin, for the use of Daniel Garber, *v.* Ludwick Cornman and John Cornman.)

costs, from which the defendants entered an appeal. At the trial, on the 7th of April, 1829, a verdict was returned by the jury for the defendants, upon which a motion was made to enter a judgment without costs, which the court overruled, and entered judgment generally for the defendants. Four errors have been assigned by the plaintiff on these proceedings.

1st. That the court erred in refusing to enter judgment without costs, since the appeal.

2d. That the court erred in allowing the defendants the costs paid by them, at the time of appeal, and which embraced the costs on the original suit before the justice.

3d. That the court erred in allowing the defendants, (who were the appellants,) the fees of their subpœnas, and serving them, their witnesses fees, and daily pay since the appeal, also the jury fee paid to the sheriff for the verdict.

4th. That the execution issued for costs against the plaintiff, when no costs were due to defendants.

The errors may all be considered together. It is to be observed in this case, that neither party appealed from the judgment of the justice; but after the transcript of his judgment had been filed in the office of the prothonotary of the court of common pleas, the judgment was, by consent of the parties, opened, and the cause, after issue had been joined, was put to arbitrators, and when they had decided, the defendants, by an appeal, carried it back to the court of common pleas; it was there tried in the usual form, by a jury, and a verdict and judgment rendered for the defendants. It is then a case to which the provisions of the one hundred dollar act, as to costs on an appeal from a justice's judgment, are not strictly applicable. If, however, the provisions of that act can be considered applicable, the defendants would, beyond all doubt, be entitled to costs on the verdict and judgment, according to the decision of this court, in *Flick et al* v. *Boucher*, 16 *Serg. & Rawle*, 373. By the one hundred dollar act, it is declared, that on the reversal or abatement of a judgment, the defendant, when he appeals, shall recover costs, if, on the trial, he has produced no other evidence than he exhibited before the justice: here, no other or new evidence was produced, and therefore, under this act, the defendants would be entitled to costs. But I take the proceedings to have been strictly under the act of the 20th March, 1810, regulating arbitrations, and how the costs of an appeal from the award of arbitrators are to be paid. The 14th section of that act, is the one which has some bearing on the case before us, it provides, that if the defendant, (as here,) be the appellant, the condition of the recognizance shall be, that if the *plaintiff* in the event of the suit, shall obtain a judgment for a sum equal to, or greater, or a judgment as, or more favourable, than the report of arbitrators, the

(Daniel Gallatin, for the use of Daniel Garber, *v.* Ludwick Cornman and John Cornman.)

said *defendant* shall pay all costs that may accrue in consequence of the appeal, together with the sum or value of the thing awarded by the arbitrators, with one dollar per day, for each and every day that shall be lost by the plaintiff, in attending to such appeal. This section does not provide for costs, where the plaintiff shall not obtain such a judgment as is mentioned in this section. In the case before us, the plaintiff had no cause of action, and did not recover any thing; nor does that section of the act provide, that the defendant shall recover costs, in case he is successful on his appeal: such a case, it would seem to me, is not provided for by the act. I would then, in such case say, that the law, as it stood before the one hundred dollar act, and the arbitration act, is to govern; and therefore, that the costs in this case should follow the final judgment, which was for the defendants generally.

The judgment of the court below is therefore to be affirmed.

Judgment affirmed.